Snoparsky *v.* Baer et al., Appellants.

Argued April 24, 1970.   Before BELL, C. J., COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Dudley Hughes,* with him *Detweiler, Sherr & Hughes,* for appellants.

*Leon A. Mankowski,* with him *Howard M. Girsh,* for appellee.

Opinion by Mr. Justice O'Brien, July 2, 1970:

On May 2, 1968, minor plaintiff, Mindi Snoparsky, was injured when a stone struck her eye as she was playing with a group of children at a construction site. Her complaint alleges that seven or eight boys were engaged in a game of stone throwing and that one of them threw the stone which injured her. Named as defendants in the suit are the landowners and those engaged in the construction project; none of the children was made a party. Plaintiffs' cause of action in trespass, based upon Section 339 of the *Restatement of Torts*, "Artificial Conditions Highly Dangerous to Trespassing Children," alleges specifically that:

". . . On May 2, 1968, at or about 6:45 p.m., the minor plaintiff and a girl-friend were playing in and about the said sewer pipes. A group of approximately eight boys were also upon the aforedescribed land and the hill, and were engaged in a game or activity involving stone-throwing. One of the boys who was upon the hill threw a stone which struck the minor plaintiff, Mindi B. Snoparsky, as she emerged from a sewer pipe, shattering her glasses and causing severe injuries to her right eye, and other injuries, hereinafter more particularly described.

". . . At the time aforesaid, On May 2, 1968, and for a long time prior thereto, the said defendants and each of them, had notice and knowledge, or should have had notice or knowledge, that the aforedescribed construction site and hill were attractive to children, that children in large numbers did come upon and play upon the said construction site and hill, and did use the same as a playground, and that the children did engage in stone-throwing and that said stone-throwing was dangerous and likely to cause injury."

Defendants Sidney Baer and Laveer Godfrey Corporation joined twelve named children as additional

defendants. Their complaint against the additional defendants specifically alleged that:

... The Complaint alleges in Paragraph 11 that the plaintiff's injuries were caused when one of a group of boys threw a stone which struck the minor plaintiff, Mindi B. Snoparsky.

". . . If the accident happened as alleged in the plaintiffs' Complaint, it occurred because of the negligence, wanton negligence and recklessness of each and all of the additional defendants, Stephen Glasser, Patrick Kelly, Jack Myers, Michael Krum, Marck Shapiro, Jay Blumer, Howard Kail, Robert Schwartz, Harry Levis, Joseph Casciato, Brian Feller and Barry Norman, the aforesaid negligence, wanton negligence and recklessness consisting of (a) throwing the stone or other missile which struck and injured the minor plaintiff, Mindi B. Snoparsky and (b) by word and deed giving substantial assistance and encouragement to the person who threw the stone or other missile."

One of the additional defendants, Jack Myers, preliminarily objected to the original defendants' complaint on the ground that it failed to state a cause of action against additional defendant in that it failed to state whether Jack Myers threw the stone or other missile which struck plaintiff. Myers also claims that there has been a misjoinder of causes of action.

The court sustained the preliminary objection in the nature of a demurrer, dismissing the complaint to join additional defendants, without leave to amend, on the grounds that the original defendants had failed to state a cause of action. With this decision we cannot agree.

The right to join an additional defendant is set forth in Pennsylvania Rule of Civil Procedure 2252(a): "In any action the defendant or any additional defendant may, as the joining party, join as an additional defendant any person whether or not a party to the

action who may be alone liable or liable over to him on the cause of action declared upon by the plaintiff or jointly or severally liable thereon with him, or who may be liable to the joining party on any cause of action which he may have against the joined party arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based."

In the instant case, the complaint to join the additional defendants is based on allegations that they may be alone liable or jointly or severally liable with the original defendants on the plaintiffs' cause of action.

The appellee contends that the complaint to join him fails to state whether he threw the stone which struck and injured the minor plaintiff. Although this situation has not previously occurred in Pennsylvania, it has occurred elsewhere and is amply covered by Section 433B(3) of the *Restatement of Torts 2d,* which states: "Where the conduct of two or more actors is tortious, and it is proved that harm has been caused to the plaintiff by only one of them, but there is uncertainty as to which one has caused it, the burden is upon each such actor to prove that he has not caused the harm."

The leading case on this doctrine is *Summers v. Tice,* 33 Cal. 2d 80, 199 P. 2d 1, 5 A.L.R. 2d 91 (1948), which involved a plaintiff who, while hunting with two companions, received a pellet or birdshot in an eye and another in his upper lip when both of his companions, in firing at a quail, shot in his direction. The court stated that if it could not be ascertained whose shot had caused the damage, then both defendants were jointly liable, although the major injury to the eye was caused by a single pellet only. Summing up its opinion, the California court, after pointing out that each defendant was negligent states: "The injured party has

been placed by the defendants in the unfair position of pointing to which defendant caused the harm. If one can escape the other may also and plaintiff is remediless." *Summers v. Tice,* serves as the basis for illustration 9 to Section 433B of the *Restatement of Torts 2d.*

In the instant case, the court emphasized that the complaint of the original defendants has not alleged that the stone throwing of each of the additional defendants was tortious and if it was not tortious, then they could not be liable to the plaintiffs and, therefore, could not be joined. The court is quite right in stating that no child would be liable to the plaintiffs unless it were proved that that child had been throwing stones in the direction of the minor plaintiff either negligently, recklessly or intentionally, or aiding and abetting such activity. However, it appears that under a better statement of the facts, a cause of action against the additional defendants could have been stated.

In Pennsylvania, the right of amendment of pleadings is liberally granted. As we said in *Quaker City Co. v. Delhi-Warnock,* 357 Pa. 307, 53 A. 2d 597 (1947) : "Where there appears a possibility of recovery under a better statement of facts an opportunity to file an amended statement of claim must be granted." Accordingly, it was error for the trial court to dismiss the complaint to join the additional defendants without leave to amend.

Appellee Myers also contends that the attempted joinder of appellee as an additional defendant was an improper joinder. To say that a defendant who is sued for permitting others to cause injury to the plaintiff while on defendant's land should not be able to join as additional defendants those persons who actually caused the injury makes no sense in light of our procedural rules which are designed to avoid an unnecessary multiplicity of suits. Where additional defendants can be

found directly liable for the plaintiff's injury and the original defendants are liable for failing to realize that their conduct involved an unreasonable risk of harm to the plaintiff through the tortious conduct of the additional defendants, Rule 2252(a) should be given a broad interpretation. See Section 302A, Section 302B, and Section 339 of the *Restatement of Torts 2d.*

Judgment vacated and case remanded to court below for further proceedings consistent herewith.

Mr. Chief Justice BELL dissents.

Mr. Justice JONES took no part in the consideration or decision of this case.