## Connors v. Arters Brothers, Inc.

*Robert J. Levis*, for plaintiffs.
*S. Stanton Miller, Jr.*, for defendant.
*Peter A. Dunn*, for additional defendant.

LIPPINCOTT, J., October 19, 1970.—Plaintiffs' action in assumpsit seeks damages from defendant general contractor for poor workmanship in applying an exterior stucco finish to a new home built by defendant for plaintiffs. Defendant filed a complaint to join as additional defendant the subcontractor who actually performed the work pursuant to its agreement with defendant.

Additional defendant has filed preliminary objections to defendant's complaint in the form of a motion

for a more specific complaint and a motion to strike the complaint as a misjoinder. At oral argument before the court en banc, additional defendant withdrew its motion for a more specific complaint. Therefore, the sole issue now to be determined is whether defendant's complaint should be stricken as a misjoinder of two separate and distinct causes of action.

The right to join an additional defendant is set forth in Pa. R. C. P. 2252(a), as amended, effective September 1, 1969, The official text of the rule as adopted by the Supreme Court appears in 434 Pa., page lxxii, as follows:

"(a) In any action the defendant or any additional defendant may as the joining party, join as an additional defendant any person whether or not a party to the action who may be alone liable or liable over to him on the cause of action declared upon by the plaintiff or jointly or severally liable thereon with him, or who may be liable to the joining party on any cause of action which he may have against the *joined* party arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based." (Italics supplied.)

Unfortunately, a typographical mistake was made in printing the rule in Purdon's Pennsylvania Statutes Annotated and in Pennsylvania Rules of Court (1970), both of which are widely used by the legal profession. In the text of the rule as printed in these books, the italicized word *"joined"* is misprinted as *"joining,"* leading to a totally different and illogical interpretation of the rule. This has led to considerable confusion among the bar and text writers.*

---

* See, for example, 4A Anderson Pa. Civ. Pract. §2252.10, fn. 49.1 (1970), where the typographical mistake is "interpreted." Also see Caldearo v. County of Delaware, —— D. & C. 2d. —— (1970), opinion filed contemporaneously herewith, where the identical question has arisen.

Additional defendant grounded its oral argument solely upon this typographical mistake and contended that the purpose of the 1969 amendment was to narrow the field of permitted joinders. We disagree with this interpretation.

Prior to the 1969 amendment, a defendant could only join as additional defendant one who may have been responsible to plaintiff or liable over to defendant on the cause of action declared upon by the plaintiff. By the amendment, however, the right to joinder was expanded so as to permit a defendant to assert against an additional defendant *any* claim which arises out of the same factual background as plaintiff's claim, even though it not be on the same cause of action declared upon by plaintiff. See Snoparsky v. Baer, 439 Pa. 140, 266 A. 2d 707 (1970), in which the Supreme Court quoted the rule as officially adopted without the typographical mistake and further said, page 146: ". . . Rule 2252(a) should be given a broad interpretation;" Goodrich-Amram Civil Practice, Vol. 3, p. 194, and the text of rules volume, page 13:2, where the rule is correctly printed and analyzed.

It seems apparent from the foregoing authorities that joinder in the instant case comes within the contemplation of the expanded rule. Plaintiff's claim arises out of the improper application of an exterior stucco finish to a new home built for plaintiffs by defendant. Defendant's claim against additional defendant, the subcontractor, arises out of the very same occurrence or transaction, i.e., the improper application of the exterior stucco finish. To deny joinder here would be to ignore totally the 1969 amendment and the manifest intent of the Pennsylvania Supreme Court.

We, therefore enter the following:

## ORDER

Now, October 19, 1970, additional defendant's preliminary objections are dismissed, and additional defendant is granted 20 days within which to file a responsive pleading.