### Peoples Bank of Western Pennsylvania
### v. Mort-Bohn and Associates

*Nathan Routman,* for plaintiff.
*William J. Joyce,* for defendant.
*William C. Kuhn,* for additional defendant.

STRANAHAN, P. J., October 22, 1971.—This interesting matter is before the court on preliminary objections in the nature of a demurrer filed by the additional defendant, Anthony J. Frank, Jr., to a complaint to join him as an additional defendant.

The complaint by plaintiff alleges that plaintiff loaned certain money to Anthony J. Frank, Jr., and that this loan was consummated because of certain financial statements provided by defendant, which is an accounting firm and which was doing accounting work for Anthony J. Frank, Jr. The complaint alleges that these certified statements of the financial status of Anthony J. Frank, Jr., were relied upon by the bank in making the loan, and that the statements were negligently prepared by defendant and resulted in a false representation of the financial position of the debtor.

The money was loaned by the bank to Anthony J. Frank, Jr., and it would appear from the information available to the court that Anthony J. Frank, Jr., is presently in a precarious financial position, and, therefore, plaintiff has elected to bring suit against the accountant in the hopes that a verdict against that firm might be more readily recoverable.

There seems to be some dispute as to the status of

the claim of plaintiff against Anthony J. Frank, Jr., who has now been joined as an additional defendant, but it is this court's recollection that while plaintiff would be in a position to obtain a judgment against the additional defendant by filing the notes or whatever papers were taken, this has not as yet been done.

The additional defendant argues that since he received the money and admittedly owes it to plaintiff, to permit his joinder in this suit would place him in a position where plaintiff should be precluded from bringing an action in trespass against him, since he is already obligated to pay the debt to plaintiff.

We believe that the joinder is proper under Rule 2252 (a) of the Pennsylvania Rules of Civil Procedure which provides:

"In any action the defendant or any additional defendant may, as the joining party, join as an additional defendant any person whether or not a party to the action who may alone be liable or liable over to him on the cause of action declared upon by the plaintiff or jointly or severally liable thereon with him, or who may be liable to the joining party on any cause of action which he may have against the joined party arising out of a transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based."

Essentially, therefore, an additional defendant may now be joined if he may be liable on the cause of action declared upon by plaintiff or if the original defendant may impose liability against him on a cause of action not necessarily the same as plaintiff's but at least arising substantially out of the same factual background upon which plaintiff's cause of action is based.

Applying this rule to the present factual situation it appears from the complaint to join the additional defendant that the original defendant has alleged that it was not the original defendant's negligence or willful misrepresentation that created the cause of action in the plaintiff, but rather, if there was negligence or willful deceit that caused harm to the plaintiff such action was the direct result of the willful misrepresentation of the additional defendant in providing false and inadequate information to the defendant in order to prepare his account.

This allegation, of itself, is sufficient to allow a joinder on the grounds that it is not defendant who is liable, but rather the additional defendant that is solely liable.

The only real defense that the additional defendant has to this argument is that he is liable in assumpsit and, therefore, should not be made liable in trespass. This argument is untenable, since plaintiff and defendant have the right to join him in a suit in trespass. If the joinder is proper, the mere fact that the additional defendant prefers to be sued in assumpsit is of no consequence.

In addition to the previous reason for permitting the joinder, rule 2252(a) also provides that the original defendant may join the additional defendant and assert an independent cause of action, provided it arose out of the same factual background. This appears also to be applicable. Plaintiff bank is asserting that defendant accountants furnished it with false information, and the accountants contend that if this is true it is because the additional defendant, Frank, furnished the accounting firm with false information.

In Flornich Advertising, Inc. v. The Fidelity and Deposit Company, 52 Westmoreland 123 (1970), plaintiff sued its bonding company in assumpsit in an

"honesty bond" insuring plaintiff against any loss caused by fraudulent or dishonest acts of plaintiff's employes. Defendant bonding company then sought to join as an additional defendant a certain man named Nichols, alleging that Nichols made certain material misrepresentations in securing the issuance of the bond, and that he failed to carry out certain procedures which resulted in the loss in question. This cause of action of the original defendant against the additional defendant was not the same cause of action as plaintiff versus the original defendant, but the court held it arose from the same transaction or occurrence.

In Conners v. Arters Brothers, Inc., 50 D. & C. 2d 87, page 89 (1970), the case involved an action in assumpsit against defendant general contractor for poor workmanship in applying a stucco finish to plaintiff's house. Defendant filed a complaint to join as additional defendant the subcontractor who actually performed the work pursuant to its agreement with defendant. The court sustained the joinder on the basis that defendant's claim against the additional defendant, the subcontractor, arose out of the same occurrence or transaction, i.e., the improper application of the stucco finish.

In the instant case, plaintiff's claim arises out of the allegedly negligent preparation of financial statements furnished by defendant. Defendant's claim against the additional defendant arises, not from the same transaction or occurrence, but certainly from the same series of transactions or occurrences, to wit, the negligent or willful furnishing by the additional defendant to defendant of false information upon which the financial statements were based.

Rule 2252(a) must be interpreted broadly: Snoparsky v. Baer, 439 Pa. 140 (1970). Such an interpretation seems applicable in the present situation and we feel that the joinder is proper.

It is true that plaintiff no doubt would have the right to get a quick judgment against the additional defendant by filing the notes that it no doubt holds against the additional defendant.

Be that as it may, this court has the right to control that, if necessary, in order to make sure that an injustice is not done to the additional defendant by exposing him to double liability.

It is also apparent that the additional defendant might be liable over to the original defendant if the original defendant is compelled to pay the amount due plaintiff. If the testimony develops the fact that the additional defendant provided false information to defendant and, as a result thereof, received a loan, the additional defendant would be saddled with the primary responsibility to pay the debt, and if the original defendant were required to pay this amount, it would certainly have the right to look to the additional defendant for indemnity. Such being the case, it would appear to this court that there would be liability over under these circumstances.

We, therefore, conclude that the joinder is proper here and that the demurrer of the additional defendant must be dismissed.

### ORDER

And now, October 22, 1971, the preliminary objections in this matter are dismissed.