## Municipal Authority of Borough of Lewistown
## v. Chicago Bridge & Iron Company

*Larry F. Knepp*, for plaintiff.

*Houck & Barron* and *Buchanan, Ingersoll, Rodewald, Kyle & Buerger*, for defendant.

LEHMAN, P. J., November 24, 1971.—On March 9, 1971, after argument and consideration of briefs, we opened the confessed judgment entered in favor of plaintiff and against defendants on an affidavit of default in the amount of $8,130 on a maintenance bond filed by defendants and decreed that plaintiff's affidavit of default shall be considered as plaintiff's complaint and defendants' petition to open judgment shall be considered as defendants' answer.

On May 5, 1971, counsel for the Chicago Bridge & Iron Company and Insurance Company of North America, defendants, filed a praecipe for a writ to join Lewis L. Gwin, Gwin Engineers, Inc., Gwin, Dobson & Foreman (hereafter referred to as Gwin Engineers), and Rust-Oleum Corporation (hereinafter referred to as Rust-Oleum) as additional defendants. Said writ was served on said defendants from May 10 to May 17, 1971, inclusive. On May 18, 1971, said counsel, on behalf of the Chicago Bridge & Iron Company, filed its complaint to join said additional defendants, alleging that Gwin Engineers and Rust-Oleum are alone liable to plaintiff, either jointly or severally, or are liable, either jointly or severally, over to the original defendant, the Chicago Bridge & Iron Company, on the ground the Chicago Bridge & Iron Company constructed the water tanks and painted same in accordance with the terms, conditions and detailed technical provisions prepared by plaintiff's consulting engineer, Gwin Engineers, and if the stability of all materials, equipment and work was not maintained, as averred in plaintiff's affidavit of default, such failure was not attributable to the Chicago Bridge & Iron Company but to said additional defendants, by reason of the fact that the paint sold to the Chicago Bridge & Iron Company and used by it on said project was the paint specified by Gwin Engineers and was

defective and did not conform to the merchantable condition impliedly represented by Rust-Oleum, a manufacturer and seller of paint. It is further alleged that Rust-Oleum, prior to sale and delivery, knew the purpose for which the paint was to be used and knew or should have known that the paint was inadequate for the purpose intended.

Both additional defendants filed preliminary objections in the form of motions to strike off the complaint on the ground that joinder was not made within the 60 days from service upon the original defendant of the initial pleadings as provided by Pennsylvania Rule of Civil Procedure 2253 and there is no law or rule of court permitting the joinder of additional defendants in proceedings of this type. Counsel for Gwin Engineers also alleges that since the original defendants averred that Lewis L. Gwin prepared the specifications, there are no averments of record alleging any basis for liability on the part of Gwin Engineers, Inc., or Gwin, Dobson & Foreman, Inc. The preliminary objections filed by Rust-Oleum are also in the form of a motion for a more specific pleading in that there is no allegation of the manner in which the paint was defective and in what manner it failed to conform to a merchantable condition impliedly represented by Rust-Oleum. It is these preliminary objections that are now before us for disposition.

Pennsylvania Rule of Civil Procedure 2960 provides as follows:

"If a judgment is opened in whole or in part the issues to be tried shall be defined by the complaint if a complaint has been filed, and by the petition, answer and the order of the court opening the judgment. There shall be no further pleadings."

In accordance with this rule, our decree of March

9, 1971, opening the judgment, provided that the affidavit of default shall be considered as plaintiff's complaint and defendants' petition to open judgment shall be considered as defendants' answer. Prior to that decree, there was no pleading that could be classified as a complaint or initial pleading of plaintiff. The only instruments filed by plaintiff were an affidavit of default under a maintenance bond filed by the Chicago Bridge & Iron Company and Insurance Company of North America and praecipe for judgment alleging expenditures in excess of $13,944.15 to correct alleged poor workmanship in the interior painting of three water tanks. Neither of these could be termed an initial pleading by plaintiff as contemplated by Pa. R. C. P. 2253. In fact, there was no factual issue for disposition until our decree of March 9, 1971, which opened the judgment and permitted defendants to make a defense. Consequently, there was no initial pleading by plaintiff as contemplated by said rule until our decree declared that the affidavit of default was to be considered as plaintiff's complaint. The opening of a judgment leaves the parties as if no judgment had been entered and proceedings thereafter are de novo: Dunn v. Orloff, 420 Pa. 492, 503, 218 A.2d 314, 320.

The Chicago Bridge & Iron Company could not have joined additional defendants until a factual issue had been framed by our decree of March 9, 1971 and said company filed its praecipe to join the additional defendants on May 5, 1971, a date within the 60-day period provided by said rule.

The additional defendants further contend that Pa. R. C. P. 2960 restricts the pleadings to a complaint, if filed, petition, answer and order of the court opening the judgment. But this rule does not relate to additional defendants.

The recently amended Pa. R. C. P. 2252(a) authorizes defendant, or any additional defendant, to "join as an additional defendant any person . . . who may be alone liable or liable over to him on the cause of action declared upon by the plaintiff or jointly or severally liable thereon with him, or who may be liable to the joining party on any cause of action which he may have against the joined party arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based." Accordingly, we hold that Pa. R. C. P. 2960 does not preclude defendants from joining Gwin Engineers and Rust-Oleum as additional defendants, and inasmuch as the allegations against said additional defendants relate to the same transaction upon which plaintiff is seeking to recover, the requirements of Pa. R. C. P. 2252(a) have been met.

It is manifestly clear that the 1969 amendment to Pa. R. C. P. 2252(a), a portion of which we have quoted, was intended to enlarge the scope of the "additional defendant" practice in Pennsylvania courts and to approach the general policy of settling all rights of all the parties in all the claims arising from the event upon which plaintiff has sued: Goodrich-Amram, §2252, Commentary, 1971 Supp. to Binders 3 and 4, p. 209. Were we to adopt the argument of the additional defendants that Pa. R. C. P. 2960 prevents defendant from joining additional defendants because no further pleadings are permitted, the very purpose of the 1969 amendments to Pa. R. C. P. 2252(a) would be defeated. Pa. R. C. P. 2960 relates solely to pleadings when no additional defendants are joined. It was not intended to preclude the disposition of all rights of all the parties in the event or transaction before the court.

Pa. R. C. P. 1017(a) deals with actions of assumpsit

and provides that "pleadings in an action are limited to a complaint, an answer thereto, a reply if the answer contains new matter or a counterclaim, a counter-reply if the reply to a counterclaim contains new matter, a preliminary objection and an answer thereto." If the contention of the additional defendants were adopted, additional defendants could not be joined in assumpsit or trespass actions because Pa. R. C. P. 1017(a) limits the pleadings to those specified. Pa. R. C. P. 2252(a), which governs joinder of additional defendants, states that joinder may be made "in any action."

"The Rule must be given a broad interpretation": Snoparsky v. Baer, 439 Pa. 140, 266 A.2d 707: Goodrich-Amram, 1971 Supp. to Binders 3 and 4, p. 211. Pa. R. C. P. 2960 is not an exception to the liberal joinder rule; it merely designates the pleadings specifically relating to proceedings upon opening of the judgment, as does Pa. R. C. P. 1017(a) as to assumpsit and trespass actions. Various amendments of recent years to the Pennsylvania Rules of Civil Procedure have made it abundantly clear that wherever possible, a single forum should be provided for the disposition of all claims of all parties arising out of the matter in controversy.

We sustain that portion of the preliminary objections insofar as Gwin Engineers, Inc., and Gwin, Dobson & Foreman, Inc. are concerned, because the only allegation of liability on the part of engineers relates to Lewis L. Gwin. In all other respects, the preliminary objections in the form of motions to strike off the complaint must be refused for the reasons above stated.

Rust-Oleum seeks a more specific pleading. The detailed technical provisions of the contract between plaintiff and defendant "relative to the painting of the tanks, the material to be used and the manner of the

application of the painting materials to the tanks" are set forth as exhibit A to paragraph 6 of defendants' petition to open judgment and is a part of the complaint to join additional defendants. Paragraph 8 alleges that Rust-Oleum knew, or should have known, the purpose for which the paint was supplied. This purpose is clearly set forth in the detailed technical provisions of exhibit A. Paragraph 8 further alleges that the paint was not fit for such purpose.

The only question on a motion for a more specific complaint is whether the complaint is sufficiently clear to enable the defendant to prepare his defense: Goodrich-Amram, §1017(b)-9.

We are satisfied that these allegations are sufficiently specific to enable Rust-Oleum to answer and prepare its defense.

Accordingly, we enter the following:

## ORDER

And now, November 24, 1971, after argument and consideration of briefs, the preliminary objections in the form of a motion to strike off the complaint as to Gwin Engineers, Inc., and Gwin, Dobson & Foreman be and are hereby sustained; the preliminary objections in the form of motions to strike off the complaint filed by Lewis L. Gwin and Rust-Oleum Corporation be and are hereby refused and the preliminary objections in the form of a more specific complaint filed by Rust-Oleum Corporation be and are hereby refused. Leave is granted Lewis L. Gwin and Rust-Oleum Corporation to file answers to said complaint within 20 days from the date hereof.

Exceptions are noted to counsel for the Chicago Bridge & Iron Company, Insurance Company of North America, Lewis L. Gwin, and Rust-Oleum Corporation.