## Hickman v. Bross

*Henry M. Ekker,* for plaintiff.

*Bernard Goldstone, Quinn, Gent, Buseck & Leemhuis* and *Henry E. Sewinsky,* for defendants.

*Cyril T. Garvey,* for additional defendant.

STRANAHAN, P. J., May 19, 1972.—This matter comes before the court by way of preliminary objections to a complaint to join an additional defendant under Pennsylvania Rule of Civil Procedure 2242. Plaintiff in this case, David Hickman, filed a suit in trespass for products liability under section 402A, Restatement of Torts, 2d, and in assumpsit upon breach of warranty against John Bross, Jr., doing business as Bross Floors, a retail seller of carpeting;

Allied Erie Distributors, Inc., a carpeting distributor; and Wellco Carpet Corporation, the manufacturer of the carpet involved herein.

Hickman claims that the carpet that he purchased from Bross Floors, distributed by Allied Erie, and manufactured by Wellco was defective and unfit for use. Bross Floors now claims that the harm suffered was caused by negligent and improper use of a cleaning machine and cleaning material by West Penn Steamatic, Inc., and that, therefore, West Penn Steamatic, Inc., is solely liable to plaintiff Hickman. Thus, they seek to join West Penn Steamatic, Inc. as an additional defendant in this action.

Pa. R. C. P. 2252(a), providing for joinder of additional defendants, states, in pertinent part:

"In any action the defendant . . . may, as the joining party, join as an additional defendant any person whether or not a party to the action who may be alone liable . . . on the cause of action declared upon by the plaintiff . . ."

Additional defendant, West Penn Steamatic, Inc., first contends that defendant, Bross Floors, has not met the requirements of the above rule as West Penn is not liable to plaintiff Hickman, upon the cause of action declared upon by Hickman against the original defendant, in that Hickman's cause of action against Bross Floors was complete upon installation of the carpeting and the alleged wrongful conduct of additional defendant occurred subsequently and would have no bearing upon plaintiff's right to recover against original defendant.

It is stated in Goodrich-Amram, 3 Standard Pa. Practice, Section 2252(a)-6:

"The phrase 'alone liable . . . on the cause of action declared upon' should not be literally construed for no one but the original defendant can be liable

upon the cause of action which the plaintiff declares against him. This is so because a cause of action is not a 'floating' right to recover, but is a right held by a specific person against a specific person. When P brings suit against D1 and alleges that D1 caused him harm, P is declaring upon a cause of action against D1. If D1 claims that D2 is the person who did the act which produced P's injury, he does not allege that D2 is liable upon the cause of action which P asserts against D1. Rather he asserts that the cause of action which the law confers upon P to redress the injuries complained of is a cause of action against D2. D1 therefore does not allege that D2 is liable upon the 'P vs. D1' cause of action but alleges that there is no such cause of action and that the only cause of action which P owns is a 'P vs. D2' cause of action. The words 'cause of action' in this provision of the rule should therefore be construed to mean 'damages or injuries,' so that the defendant may allege that the additional defendant is 'alone liable (to recompense the plaintiff) for the damages or injuries declared upon.'

"Unless this construction of the rule is followed, D1 will be deprived of his right of joinder in every case where he seeks to join D2 upon the ground that D2 caused P's injuries by conduct differing from that alleged by P in his claim against D1. By way of illustration, assume that P hires D1 to erect steel framework for a building and hires D2 to do the stone and brick work. Shortly after completion the structure collapses. P sues D1 for improper performance of his contract, alleging that D1 constructed the steel framework negligently. D1 wishes to deny any fault on his part and wishes to show that the cause of the collapse was the improper masonry work on the part of D2. D1, in ordinary language, wishes to state to P

that he did not cause the plaintiff's trouble, but that D2 did. Analytically, what D1 wants to say to P is that P has no cause of action against D1 to recover for the alleged injuries and that the only cause of action which P has to recover for those injuries is a different cause of action which lies against D2. Under these facts, D1 cannot with accuracy state that D2 is the person liable upon the cause of action declared upon by the plaintiff. D1, however, should be permitted to join D2 as an additional defendant in such a case. The ground of sole liability to the plaintiff upon the cause of action declared upon should be satisfied by any facts which indicate that the harm of which the plaintiff complains has been caused by the conduct of the additional defendant."

The text goes on to say that "Joinder will not be permitted, however, when the cause of action is so different that the admission of D2 to the action will result in the introduction of a complexity which would change the entire nature of the proceeding": Id.

Our Supreme Court has held that rule 2252(a) must be interpreted broadly (Snoparsky v. Baer, 439 Pa. 140 (1970)), and this court so held in Peoples Bank v. Mort-Bohn, etc., 53 D. & C. 2d 246 (1971). One of the purposes of third-party procedure is to avoid multiplicity of suits by adjudicating in one suit the rights and liabilities of all the parties to a single transaction which constitutes the cause of action, and the rule should, if possible, be construed to accomplish that purpose: Rau v. Manko, 341 Pa. 17 (1941); Vaughan v. Womeldorf, 366 Pa. 262 (1951).

Incollingo v. Ewing, 48 D. & C. 2d 668 (1969), cited and followed the Goodrich-Amram text quoted above in holding that a druggist being sued for providing Chloromycetin without a doctor's prescription, causing harm to a child, could successfully join as an

additional defendant the drug manufacturer on the basis that the manufacturer failed to give adequate warning of the dangers inherent in the administration of Chloromycetin. Goodrich-Amram was followed in Crawshaw v. American Legion Home Association, 32 D. & C. 2d 167 (1963), wherein defendant restaurant owner who was being sued for failing to protect the plaintiff-customer was allowed to join as an additional defendant the person who assaulted plaintiff. That court noted: "(I)t is obvious that the 'cause of action declared upon' is not strictly interpreted. We believe it means the wrongful act arising from the set of circumstances averred by plaintiff without giving plaintiff the exclusive right to say what that wrongful act was. In other words, plaintiff cannot, by his initial election, bar a determination of the true cause of action in one trial": Id. at 171.

In Thomas v. County of Allegheny, et al. 114 Pittsburgh L. J. 25 (1965), plaintiff sued Allegheny County for negligent medical treatment administered to her while at the Allegheny County Fair. That court allowed the county to join plaintiff's personal physician who had rendered treatment to her shortly thereafter, on the basis of sole or joint liability.

Admittedly, the case law in Pennsylvania does not provide us with sharply defined guidelines to follow in applying rule 2252(a), and it seems to be especially an area wherein each case must be decided on the basis of its particular facts and circumstances. As we do not feel the joinder of this additional defendant would introduce any burdening complexity or confusion, but would rather expedite the matter, and as we believe the view underlying rule 2252(a) to be a liberal one, we hold the complaint to join does conform with rule 2252(a), and that additional defendant's preliminary objections on this point are dismissed.

The additional defendant's second contention is that rule 2252(a) still requires that additional defendant be "liable to the joining party on any cause of action which he may have against the joined party arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based." No such requirement exists. That is only one ground, of several, separated by the disjunctive "or," contained in rule 2252(a) of which a joining party may avail himself.

The additional defendant's last contention is that defendant's complaint to join an additional defendant is so vague that the additional defendant is unable to answer or prepare a defense; specifically, that paragraph 3 of the complaint averring that the additional defendant "negligently and improperly used a cleaning machine and cleaning materials causing the said carpet to fall apart and become unusable" is a conclusion of law and an insufficient allegation of any negligent act to apprise defendant of the basis of the complaint. It is a well-settled rule that where facts are equally or more within the knowledge of the adverse party, he is not entitled to as much precision in his pleading as if he did not know them: Xaloy, Inc. v. Rose Alloy Industrial Corp., 32 Fayette L. J. 3 (1969); Regal Advertising Association v. Taft Broadcasting Co., 59 Luzerne L. Req. 45 (1968); Agricultural Insurance Company v. Pennsylvania National Mutual Casualty Co., 39 Northumberland L. J. 191 (1967); Gable v. Walker, 25 Monroe L. Req. 172 (1967). The proper use of the cleaning machine and cleaning materials are clearly matters as much, indeed if not more, within the knowledge of the additional defendant. The original defendant has averred the time, place and result of the cleaning, and, we hold, has

sufficiently averred the nature of the negligence alleged.

We believe that the preliminary objections must be dismissed.

## ORDER

And now, May 19, 1972, the preliminary objections filed in this matter are dismissed.