## Kenco Automotive, Inc. v. Bracken Agency, Inc.

*Michael Goldman,* for plaintiff.
*Kenneth A. Clouse,* for defendant.
*Edwin L. Scherlis,* for additional defendant.

REED, JR., J., January 2, 1974.—Plaintiff, Kenco Automotive, Inc., instituted this action in assumpsit to recover damages for the loss of a building and its contents as the result of a fire on May 10, 1971, on the ground that defendants, insurance agents, failed to place and maintain fire insurance coverage on plaintiff's premises, thereby breached an alleged duty to plaintiff and are, therefore, liable for plaintiff's loss.

Defendants, Bracken Agency, Inc., and John Bracken, 3rd, filed a petition in conformity with Pennsylvania Rule of Civil Procedure 2253 to allow the late joinder of additional defendant, Green Spring Com-

pany. This late joinder was allowed. The additional defendant joinder is in trespass on the alleged basis that the fire and its subsequent loss was the result of the negligence of Green Spring Company, whose place next door to plaintiff's was where the fire is alleged to have started.

Additional defendant has filed preliminary objections to strike defendant's complaint first for misjoinder of two separate and distinct causes of action and second for late joinder.

Additional defendant had also demurred to plaintiff's complaint, but does not press that demurrer. We agree the demurrer was not properly taken and has no merit.

The right to join an additional defendant is governed by Pa. R.C.P. 2252(a), as amended:

"(a) In any action the defendant or any additional defendant may, as the joining party, join as an additional defendant any person whether or not a party to the action who may be alone liable or liable over to him on the cause of action declared upon by the plaintiff or jointly or severally liable thereon with him, or who may be liable to the joining party on any cause of action which he may have against the joined party arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based."

Joinder is permitted where the additional defendant may be liable to the joining party on *any* cause of action arising out of the same transaction or occurrence or series thereof upon which the plaintiff's cause is based.

Prior to 1969 when the rule was amended, a defendant could only join as additional defendant one who may have been responsible to plaintiff or liable over to defendant on the cause of action declared upon

by the plaintiff. However, the amendment expanded the right of joinder so as to permit a defendant to assert against an additional defendant any claim which arises out of the same factual background as plaintiff's claim, even though it be a different cause of action than the one declared upon by plaintiff: Connors et ux. v. Arters Brothers, 50 D. & C. 2d 87, 58 Del. 437.

In the instant case, plaintiff allegedly has suffered loss by reason of a fire, and that *loss*, if any, has been caused by the actions of the defendant or the additional defendant or perhaps both. Plaintiff elected to bring suit on one cause in assumpsit against one defendant. However this should not operate to preclude the addition of another defendant on another cause in trespass, so that there may be a determination of the real or alternate cause of action as between both defendants in one trial. The core purpose of this third-party procedure is to avoid multiplicity of suits by adjudicating in one suit the rights and liabilities of all the parties who might be responsible or liable. To accomplish this purpose, the rules should be given broad interpretation and construction: Rau v. Manko, 341 Pa. 17, 17 A. 2d 422 (1941); Snoparsky v. Baer, 439 Pa. 140, 266 A. 2d 707 (1970).

Additional defendant cites Schladensky v. Ellis, 442 Pa. 471, 275 A. 2d 663 (1971). There, a plaintiff-client sued his lawyer for malpractice for allowing the statute of limitations to run on a personal injury claim. Defendant-attorney attempted to join plaintiff's original tortfeasor as an additional defendant, and was disallowed.

Obviously, Schladensky is totally inapplicable to the present case because, first, it was decided before Rule 2252 was enlarged by the 1969 amendment; and, second, and of more substantial and continuing

reason, the statute of limitations had already run on plaintiff's claim, and the proposed additional defendant was freed of all liability.

Moreover, defendant-attorney had no legal standing whatsoever against the additional defendant.

Additional defendant next seeks to disallow joinder of him because it was late and defendant demonstrated no satisfactory cause for allowance of late joinder.

Rule 2253 of the Pennsylvania Rules of Civil Procedure states:

"Neither praecipe for a writ to join an additional defendant nor a complaint if the joinder is commenced by a complaint, shall be filed by the original defendant or an additional defendant later *than sixty (60) days* after the service upon the original defendant of the initial pleading of the plaintiff or any amendment thereof unless such filing is allowed by the court ·upon cause shown." (Adopted Feb. 14, 1939. Amended, effective Dec. 30, 1942. Amended Sept. 1, 1958. Eff. forthwith.) (Italics supplied.)

Joinder of an additional defendant is generally required to be accomplished within the 60-day period to protect the plaintiff against unreasonable delay or burdening the action with the protracted joinder of perhaps an unreasonable number of additional defendants. The benefit of the time limitation does not run to the joined party.

Rule 2253 avoids the harshness of a statute of limitations by vesting in the court where cause is shown and no prejudice is wrought against other parties to the action, the power to grant an extension of time as this court did here, deFuria, J. The salutory purpose of the rule was preserved and a multiplicity of suits avoided.

We note that the record reveals a petition was filed

which set forth cause, and plaintiff stipulated to allow the late joinder.

## ORDER

And now, January 2, 1974, the additional defendant's preliminary objections to defendant's complaint are dismissed, and additional defendant is granted 20 days from the date hereof to answer defendant's complaint.