## Wible v. Levitz Furniture Company

*Edwin N. Popkin,* for plaintiff.
*John S. Thome, Jr.,* for defendant.
*Gerald M. Hershenson,* for additional defendant.

WALSH, *J.,* January 14, 1976.—This matter is before the court under Rule *266 for disposition of a preliminary objection by the additional defendant to defendant's complaint. The objection is in the nature of a motion to strike defendant's complaint on the basis that defendant, having suffered a default judgment in favor of plaintiff, is without standing to implead an additional defendant.

The factual setting is that plaintiffs, husband and wife, brought suit against Levitz Furniture Company to recover damages for bodily injuries suffered by wife-plaintiff in a fall in defendant's store due allegedly to a negligently waxed floor. Twenty-three days after service of their complaint, plaintiffs entered judgment against Levitz for failure to enter an appearance. Within the following 16 days, Levitz entered an appearance and filed a praecipe to join Brulin and Company, Inc., as additional defendant. Twenty days thereafter, Levitz filed its complaint against Brulin averring that Brulin had

supplied the original defendant with an unsafe floor wax.

The original defendant seeks to litigate the question of whether the additional defendant is a joint tortfeasor and, hence, liable for contribution. The original defendant, of course, acknowledges that its liability to plaintiff is established, except as to the dollar amount of damages to be assessed at a trial not yet scheduled.

The recovery of a judgment by the injured person against one joint tortfeasor does not discharge the other joint tortfeasors.* It is undisputed that if Levitz is not permitted to implead Brulin in the instant suit, Levitz may institute a separate action for contribution. To require this course would serve no useful purpose and would run counter to the purpose of the joinder rules. Our procedural rules are designed to avoid unnecessary multiplicity of suits: Snoparsky v. Baer, 439 Pa. 140, 266 A.2d 707 (1970).

Counsel for the additional defendant has cited a number of lower court cases which held that joinder was not permitted after judgment against the original defendant. An examination of those decisions reveals that no reason was stated other than a brief observation that no authority to permit the joinder was found. In the instant case, defendant has complied with the requirements of the rules as to time limitations. Since a trial to assess damages remains to be scheduled, a saving of court time will result by litigating the contribution issue in the same proceeding. We find no conflict in the rules or in the law of judgments with the relief sought here by the original defendant. No prejudice will result

---

*Act of July 19, 1951, P. L. 1130, sec. 3, 12 PS §2084.

to the additional defendant by having to defend Levitz's claim in this proceeding rather than in a separate suit. No prejudice will result to plaintiffs because although they may, if they choose, present evidence against Brulin after joinder, they will be under no obligation to do so. They may elect to limit their participation to evidence of damages against Levitz as they would have done without the joinder.

### ORDER

And now, January 14, 1976, after consideration of briefs pursuant to Rule *266, it is ordered that the preliminary objections of additional defendant to defendant's complaint are sustained as to the averment of sole liability of additional defendant to plaintiff and overruled as to the remaining averments of the liability of additional defendant.