### King, Appellant, *v.* Automobile Underwriters, Inc.

Argued March 21, 1962. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

*Norman Paul Wolken,* for appellant.

*Carl Eck,* with him *George Y. Meyer,* and *Meyer, Darragh, Buckler & Bebenek,* for appellee.

OPINION PER CURIAM, January 21, 1963:

Appellant-insured brought this action of assumpsit seeking recovery from appellee-insurer for (1) willful breach of its duty to defend and (2) willful breach of its obligation to settle.

A failure without cause by an insurer to defend—whether willful or not—gives rise to a cause of action. See *Cadwallader v. New Amsterdam Cas. Co.*, 396 Pa. 582, 152 A. 2d 484 (1959). The measure of recovery for breach of this obligation is the cost of hiring substitute counsel and other costs of the defense. The parties have stipulated that appellee is liable for $2,316.25, the amount expended by appellant in hiring substitute counsel and otherwise defending the suit brought against him by the injured party. Hence, appellee has compensated appellant for breach of its duty to defend.

As for the alleged willful refusal to settle, the court below resolving conflicting testimony specifically found that there was no opportunity and therefore no refusal to settle by appellee. Since this finding is amply supported by the record, we are not called upon in this case to re-examine the nature of the insurer's obligation in this regard.

Judgment affirmed.

---

CONCURRING OPINION BY MR. JUSTICE EAGEN:

I concur in the result.

If there is an obligation to indemnify and the insurer is guilty of the exercise of bad faith or negligence in its decision not to defend, then it is, and should be, liable for the payment of the full amount of the judgment recovered against the insured, *regardless of the policy limitations*. In the instant action the insured was reimbursed for all sums expended in the defense of the related action. Further, the court below correct-

ly concluded that under the established facts no bad faith or wilful breach of its obligation existed on the part of the insurer when it failed to defend. Since an alleged exercise of bad faith was the sole basis of the cause of action, the judgment must be affirmed.