## Schultz v. Mount Vernon Fire Insurance Company

*James Munley,* for plaintiff.
*Laurence M. Ludwig,* of *Henkelman, McMena-min, Kreder & O'Connell,* for defendant.

ROBINSON, *P.J.*, February 20, 1976 — Plaintiff in this application for discovery obtained a verdict in a prior action in the sum of $15,000 against Otto Bernhardt and Irene Bernhardt, his wife, trading as Circle B Stables, for injuries received by plaintiff while riding a horse leased to him by the Circle B Stables. The insurance coverage carried by the proprietors of the stable amounted to only $10,000 and plaintiff seeks to recover the excess from the defendant, Mount Vernon Fire Insurance Company, carrier of the insurance covering the liability of the Circle B Stables. Plaintiff here obtained an assignment of the rights of the policy holders, Otto Bernhardt and Irene Bernhardt, his wife, operators of the said Circle B Stables, and is suing as such assignee for the excess of the verdict over the insurance coverage. Plaintiff, Richard Leroy Schultz, alleges that he had offered to settle the suit for $7,500 but that defendant, Mount Vernon Insurance Company, offered only $1,000 in settlement and that said defendant, in so doing, was acting negligently and in bad faith in breach of the fiduciary and other duties owed to the policyholder under the terms of the insurance policy, which rights now vest in plaintiff.

Plaintiff moved and applied under the provision of Pa. R.C.P. 4009(1) for the production, inspection and copying of correspondence between defendant and its attorney, for investigators' statements, pictures and evidential material in the hands of defendant in connection with the accident, and all other papers and documents in possession and control of defendant relating to the case. Plaintiff's motion in short calls for the entire file of the defendant insurance company in respect to the accident and the injuries sustained therein.

Defendant objects to the production of any of the material demanded by plaintiff's motion contending (1) that the communications between an attorney and his client are privileged and not the subject of discovery; (2) that the material sought is also a privilege protected by the "work product" limitation on discovery provided in Pa. R.C.P. 4011(d); (3) that the discovery sought by plaintiff would violate defendant's general rights of privacy; and (4) that the discovery should not cover items in defendant's file which postdate the verdict.

We agree that plaintiff is entitled to discovery in this case, subject, however, to regulation and supervision by the court. We do not agree that defendant's objections operate to prevent the disclosure sought by the policyholder or his assignee. Furthermore, we are of the opinion that any evidence in defendant's file which is relevant to the instant suit is subject to discovery, regardless of the date thereof.

It is well settled in this Commonwealth that by the usual liability insurance policy the insurer undertakes three distinct types of obligations: First, the insurer agrees to indemnify the insured against liability for personal injury or property damage; second, the insurer agrees to defend the insured against suits arising under the policy coverage; and third, by asserting the rights to defend all claims against the insured the insurer adopts a fiduciary relationship toward the insured and must act in good faith and with due care in representing the interests of the policyholder. The breach of the insured's rights by the insurer is assignable and may be assigned to plaintiff who has obtained a judgment in excess of a policy's limits. See Gray v. Nationwide Mutual Insurance Co.,

422 Pa. 500, 223 A.2d 8 (1966); Gedeon v. State Farm Mutual Automobile Insurance Co., 410 Pa. 55, 188 A.2d 320 (1963).

Defendant's contention that discovery should not be permitted as requested because the same would involve the attorney-client privilege of nondisclosure: Act of May 23, 1887, P.L. 158, 28 P.S. §321; and the "work product" privilege under Pa. R.C.P. 4011(d) is without merit. Counsel for defendant insurance company here was also the counsel for the insured, and where counsel represents both sides there can be no privilege to withhold communications made by counsel to either client, the insurer or insured. The general rule known as the attorney-client privilege has well recognized exceptions. A communication between an attorney and his client is not privileged where the attorney represents both parties to a transaction when disputes arise between the clients: Loutzenhiser v. Doddo, 436 Pa. 512, 250 A.2d 745 (1970); Tracy v. Tracy, 377 Pa. 420, 105 A.2d 122 (1954). In Tracy, supra, speaking of the attorney-client privilege, the court said: "Nor, by overwhelming authority, does the rule apply if the attorney represented both parties to the transaction, in which case no communications in relation to the common business are privileged in favor or against either, but only against a common adversary."

While the points involved here do not appear to have reached the appellate courts in the Commonwealth, an identical case was litigated in the Court of Common Pleas of Mercer County in Trzesniowski v. Erie Insurance Exchange, 59 D.&C. 2d 44 (1973), in which Judge Acker of that court held that so much of an insurance company's file in

preparation for the defense of its insured in a suit in trespass representing communications of an attorney and containing matters designated in the procedural rules of discovery as "work product" are not protected by the attorney-client or work product rule from disclosure at the instance of the insured or his assignee. The court said, at page 50: "Wherefore, it would appear that there is no confidential communication protection. Nor can defendant resist on the ground that the documents were secured in preparation for trial or as the work product of an attorney."

However, Trzesniowski also held that since Pa. R.C.P. 4009(1) requires that "only 'designated tangible things' " are required to be produced, and since the insured or his assignee cannot know what is in the file of the insurance company without the opportunity to inspect the same, proper protection of the rights of both parties requires that the court direct the file to be produced in court where an in camera inspection under the regulation, supervision and direction of the court may be had. We adopt the procedure devised in that case.

## ORDER

Now, February 20, 1976, the file, or a true, correct and complete photocopy thereof, of defendant, Mount Vernon Insurance Company, containing all documents, papers or material of any kind or nature prayed for by plaintiff in the motion for discovery which concerns the claim of Richard Leroy Schultz against Otto Bernhardt and Irene Bernhardt, his wife, trading as the Circle B Stables, filed in the Court of Common Pleas of Lackawanna County to No. 761 March Term, 1972, shall within

20 days from the date of this order, be furnished sealed to this court from which the court shall make determinations of such portion thereof as are the proper subject for discovery, inspection and reproduction under Pa. R.C.P. 4009(1), which said determination shall be furnished to counsel for plaintiff, the balance of the file to be sealed and made part of the records of the court, to be opened only upon further order of this court.