## Brawley v. Southeastern Pennsylvania Transportation Authority

*Laurence Ring, Jr.*, for plaintiff.
*Joseph F. Keener*, for defendant SEPTA.
*Robert R. Redmond* , for additional defendant Redmond.
*Joy E. Pollock*, for additional defendant Cynkat.
*David A. Saltzburg*, for additional defendant insurance companies.

MARUTANI, *J.*, August 18, 1978—The question before the court is: May an insurance carrier, which was neither directly nor indirectly culpably involved in the underlying incident giving rise to plaintiff's tort action (collision between a motorbus and a bicycle), be joined under Pa.R.C.P. 2252(a) as an additional defendant on a claim sounding in assumpsit solely because it was the insurance liability carrier of the alleged tort-feasor? This question is presented by the preliminary objections of

additional-defendant insurance carriers, State Automobile Insurance Association, Statesman Insurance Company and Timeco, Incorporated (hereafter jointly "insurance carriers"), directed to the complaint in assumpsit filed against them by an antecedent additional defendant, Robert R. Redmond ("Redmond"). For present purposes the outline facts appear as follows.

## BACKGROUND

Plaintiff, Hosea Brawley ("Brawley"), filed a complaint in trespass against original defendant, Southeastern Pennsylvania Transportation Authority (SEPTA), as a result of allegedly being struck by a SEPTA motorbus on September 16, 1977, while Brawley was riding a bicycle. Thereafter, SEPTA filed a complaint joining as additional defendants Cynkat Associates, Inc. (Cynkat) and its alleged agent or employe, Douglas Brown. Cynkat thereupon filed its complaint, in two counts, one in trespass and the other in assumpsit, joining a "second stage" additional defendant, Robert R. Redmond, who was allegedly the possessor of a 1977 Cadillac which had been leased by Cynkat to Redmond and which Cadillac was allegedly involved in the incident.[1] The chain of defendants was not to expire there, for Redmond then filed his complaint in assumpsit joining a trio of "third stage" additional defendants, namely the

---

1. From the pleadings of Cynkat, the allegation is that Redmond or his "agent, servant, workman or employee" was negligent in "[o]pening his car door to on-coming traffic in violation of the Pennsylvania Motor Vehicle Code." Cynkat's complaint, par. 9(e).

insurance carriers. In his complaint Redmond alleges that on June 2, 1977, State Automobile Insurance Association, one of the insurance carriers,[2] had issued to Redmond an automobile liability insurance policy obligating such insurance carrier "to defend its said assured [Redmond] . . . and to pay . . . any judgment against [Redmond]."[3]

It is to this complaint of Redmond that the insurance carriers have filed their preliminary objections moving "to dismiss . . . pursuant to Pennsylvania Rule of Civil Procedure 1017(b)(4) and 1017(b)(5) . . ."[4] on the basis that insurance carriers are neither "jointly or severally liable thereon with" Redmond nor "alone liable or liable over to him on the cause of action declared," citing Pa.R.C.P. 2252(a).

## DISCUSSION

Pa.R.C.P. 2252(a) reads, in pertinent part:

---

2. Redmond names all three insurance carriers in paragraph 2 of complaint but appears to refer to them collectively as a single entity, i.e., "is an insurance Company and is a corporation registered to do business in this Commonwealth. . . ."

3. Redmond's complaint, paragraph 3. Presumably the insurance policy extended to coverage of rented vehicles and the policy was in effect as of the date of the accident. We cannot be certain, however, since Redmond's complaint did not "attach a copy of the writing, or the material part thereof. . ." Pa.R.C.P. 1019(h).

4. Insurance carriers' preliminary objections. It is to be noted that under Pa.R.C.P. 1017(b)(4) the appropriate action by the moving party is a demurrer, and that under 1017(b)(5) it is a petition; under the plain reading of Rule 1017, motions are limited to subsections (b)(2) and (3).

"In any action the defendant or any additional defendant may, . . . join as an additional defendant any person . . . who may be alone liable or liable over to him *on the cause of action* declared upon *by the plaintiff* or jointly or severally liable *thereon* with him, or who may be liable to the joining party on any cause of action which he may have against the joined party *arising out of* the transaction or occurrence or series of transactions or occurrences *upon which the plaintiff's cause of action is based.*" (Emphasis supplied.) This subsection has recently been dissected and analyzed in Harker v. Farmers Trust Company, 248 Pa. Superior Ct. 427, 429-30, 375 A. 2d 171, 173 (1977), as follows:

"The Rule authorizes the joinder of an additional defendant under any of three circumstances: (1) if the additional defendant is averred to be the party liable on the plaintiff's cause of action, or (2) if the additional defendant is averred to be jointly and severally liable with the defendant on the plaintiff's cause of action, or (3) if the additional defendant is liable to the party joining it as a defendant on a cause of action arising out of the transaction or occurrence upon which the plaintiff's cause of action is based.

"Rule 2252 is remedial in nature, designed to facilitate the adjudication in a single action of the rights of all parties growing out of a single situation. The objective of the Rule is to avoid multiplicity of suits, thereby saving time and money for both litigants and the courts. In view of its objectives, it has been held that the Rule should be liberally construed and 'the cause of action declared upon by the plaintiff' broadly interpreted: [Cases and authority cited]. It is said in Goodrich-Amram [§2252(a)-5-6]

that 'this broad construction of "causes of action declared upon by plaintiff" has been uniformly observed.'"

The Superior Court in reversing the dismissal by the lower court of the original defendant's complaint, pointed out that "[t]he trustee's complaint places responsibility for these losses on the bank [original defendant] and the bank places the responsibility on Lynn F. Myers [president and owner of the bankrupt corporation] whom it has joined as an additional defendant." 248 Pa. Superior Ct. at 430, 375 A. 2d at 173.

Rule 2252(a) was amended effective September 1, 1969[5] by adding to the then-existing rule, the following clause: ". . . or who may be liable to the joining party on any cause of action which he may have against the joined party arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based." In reviewing the decisional law, the effective date of this amendment must be kept in mind. In the instant proceeding, the insurance carriers as well as Redmond have cited decisional authorities pre-dating as well as post-dating the effective date of the amendment.[6]

Two cases often cited in support of joinder are Incollingo v. Ewing et al., 444 Pa. 263, 282 A. 2d

---

5. For example, see Schladensky v. Ellis, 442 Pa. 471, 474-475, 275 A. 2d 663, 664-65 (1971), discussing the impact of the prior version of the rule as well as dicta as to the thrust of the rule as amended.

6. Insurance carriers' supporting memorandum of law, at page 2, does refer to the fact of amendment, in part, as follows: "This rule adopts the language of the former Sci. Fa. Acts and

206 (1971), and Snoparsky v. Baer et al., 439 Pa. 140, 266 A. 2d 707 (1970), both decided under the amended rule. Indeed, Redmond cites Incollingo as one of his principal authorities to justify the joinder of the insurance carriers. In Incollingo, the joinders were that of the treating physicians who were involved in the administering of the offending drug, as well as the manufacturer of such drug. In sustaining such joinders, our Supreme Court declared:

"The phrase 'cause of action declared upon' as used in the rule may not be taken too literally. So long as the additional defendant's alleged liability is related to the original claim which plaintiff asserts against the original defendant, the third party complaint is within bounds. We think that is the case here: the asserted failure of the manufacturer of the drug to warn the prescribing doctors and the druggist of its dangers is *sufficiently related to the plaintiff's original charge* that the druggist negligently dispensed the drug to be within the ambit of third party procedure." 444 Pa. at 290-291, 282 A. 2d at 221. (Emphasis supplied.) In short, the joined parties—the doctors and the drug manufacturer—were respectively culpable of acts of commission and omission, bearing a causal connection to plaintiff's loss.

In Snoparsky, supra, original defendant's joinder

----

the former Rule 2252(a) and therefore should be given the same construction." To the extent joinder was previously *permitted* under the pre-amendment rule, presumably joinder now should be permitted under the rule as amended; however, the reverse does not necessarily follow.

as "additional defendants those . . . who actually caused the injury"[7] was upheld.

Unlike additional defendants in either Incollingo or Snoparsky, additional-defendant insurance carriers in the instant case were mere passive entities which were not implicated in any direct or indirect manner in the incident which befell plaintiff Brawley on the streets of Philadelphia in September of 1977. It does not appear that insurance carriers are subject to vicarious culpability, whether it be on a principal-agent or respondeat superior theory.

Further, a reading of reported decisions of coordinate courts upholding joinder reveals that in each instance the additional defendant was implicated in the result complained of.[8] A seeming exception is the case of Graybar Electric Company v. Bruns Electric, Inc., 5 D. & C. 3d 429 (Alleg. 1978), sustaining the joinder of indemnitors, upon whose contractual representations original defendant had contractually committed itself to original plaintiff.

---

7. 439 Pa. at 145, 266 A. 2d at 710.

8. Connors v. Arters Brothers, Inc., 50 D. & C. 2d 87 (Del. 1970)—additional-defendant subcontractor, who had actually performed the claimed faulty job, joined by general contractor; Caldearo v. County of Delaware, 50 D. & C. 2d 147 (Del. 1970)—additional-defendant employer charged with failure to provide proper equipment to injured plaintiff; Nagle v. Split Rock Lodge, Inc., 52 D. & C. 2d 497 (Carbon 1971)—sparse on facts but adopting the reasoning in Caldearo; Kladias & Son v. Sonneborn Building Products, Inc., 2 D. & C. 3d 310 (Lehigh 1975)—additional defendants were charged with negligence in preparing building plans, for specifying the wrong type of solutions for painting, supplying defective materials, and improper planning and supervision by the architect—all of which resulted in a faulty paint job, to plaintiff's loss.

In short, additional defendant's participation or role, in the words of Rule 2252(a), arose "out of the transaction . . . upon which the plaintiff's cause of action is based." Indeed, the court in Graybar, after referring to 8 Goodrich-Amram 2d §2252(a):7.1[9] commented: ". . . we should acknowledge that 2252(a)'s language calls for joinder and *create[s] an exception* against *joinder of an insurance carrier in personal injury actions* based upon established Pennsylvania policy prohibiting jurors from learning whether a defendant is insured. See, e.g., Cancilla v. Saroczak, 125 Pitts. L.J. 359 (1977)." 5 D. & C. 3d at 433. (Emphasis supplied.)

We join the court's view expressed in Graybar and in this instance concerning insurers as passive entities, who in no manner contributed to the injury or losses sustained by the original defendant.[10] We are

---

9. See 8 Goodrich-Amram 2d §2252(a):7.1 et seq., under Insurers and indemnitors. This authority comments: "An insurance company which has issued a policy to indemnify a car owner against liability for personal injury claims would clearly be 'liable over' to the assured for the 'damages or injuries' complained of by the injured plaintiff and could therefore be joined in the action. This, however, would be directly contrary to the decisions under the prior practice and as Rule 2252(a) adopts the language of the former Sci. Fa. Acts and the former Rule 2252(a) it should be given the same construction. It seems that the 1969 amendments to Rule 2252 do not change the rule forbidding joinder of an express insurer or indemnitor, although it has been held to the contrary. [Footnotes omitted.]"

10. Indeed, it might be added that as matters presently stand, there is no indication from the record that additional-defendant insurance carriers could be deemed to have contributed to any potential damages that may be imposed upon any of the various defendants named.

constrained to sustain additional-defendant insurance carriers' preliminary objections to their joinder.[11] In addition to reasons already alluded to herein—including the exposure to the trial fact-finder of the highly prejudicial contention that an insurance company may be bearing the burden of any damages assessed against Redmond,[12]—we do not comprehend that should Redmond ultimately be found liable, any of the parties would be prejudiced.[13] For should plaintiff Brawley prevail, and further should Redmond be answerable in damages on account thereof, then the prevailing party would be in the position of simply issuing a writ of

11. In so viewing the matter, we are neither unmindful of, nor deterred by the provisions of Pa.R.C.P. 1020(d)(1) which permit pleading causes of action in assumpsit and trespass in one complaint "against the same person, . . ."

12. In passing, we make the observation that Cynkat's complaint joining Redmond as an additional defendant, contains, in addition to a count in trespass, a count in assumpsit expressly raising the liability insurance coverage—alleging that Redmond "did not carry liability insurance as required under the terms of the lease" of the automobile: see Cynkat's complaint, paragraph 12.

13. A possible exception may be insurance carriers' obligation to defend: see, Gedeon v. State Farm Mutual Automobile Insurance Co., 410 Pa. 55, 188 A. 2d 320 (1963); also King v. Automobile Underwriters, Inc., 409 Pa. 608, 187 A. 2d 584 (1963); compare Wilson v. Maryland Casualty Co., 377 Pa. 588, 105 A. 2d 304 (1954). Breach of an obligation to defend gives rise to a claim for the cost of hiring substitute counsel and costs of defense. Presumably, a liability insurance carrier normally cannot be compelled to participate, such as being enjoined to do so. Whether such a burden may be imposed upon such a carrier by the method of simply joining the carrier as an additional defendant is not a question before us.

attachment-execution, and summoning the insurance carriers as garnishees in attachment.[14] This step of seeking satisfaction of a judgment exists whether it be against the judgment debtor's bank account or any other asset of the judgment debtor, including any viable and applicable insurance coverage held by the latter. Hence, the non-inclusion of the liability insurance carrier as a party to the present litigation is non-prejudicial if not premature as well.

Wherefore, there is entered the following

## ORDER

And now, August 18, 1978, upon consideration of the preliminary objections filed by additional defendants—State Automobile Insurance Association, Statesman Insurance Company and Timeco, Incorporated—directed to the complaint in assumpsit filed by antecedent additional defendant, Robert R. Redmond, and seeking dismissal of said complaint (as well as consideration of the latter's response thereto), it is hereby adjudged, ordered and decreed that the preliminary objections of State Automobile Insurance Association, Statesman Insurance Company and Timeco, Incorporated, are sustained and the complaint in assumpsit of Robert R. Redmond is dismissed with prejudice.

---

14. See Pa.R.C.P. 3101 et seq.