**Smith v. MetLife**

*Samuel E. Cohen* and *Kimberly M. Wong,* for plaintiffs.
*Joseph C. Korsak,* for defendants.

CULLEN, *J.,* October 29, 2009 —Pending before the court are the preliminary objections filed by defendants, MetLife a/k/a Metropolitan Life Insurance Company, MetLife Securities Inc., Carol E. Brian and Shannon

338

Shupp, to the amended complaint of plaintiffs, Paul D. Smith and Eleanor Smith, co-trustees of the Mark D. Smith Irrevocable Supplemental Needs Trust. For the reasons set forth in this opinion, the preliminary objections will be sustained in part and overruled in part.

PROCEDURAL AND FACTUAL BACKGROUND

Plaintiffs filed their initial complaint on January 13, 2009. For reasons not appearing in the record, plaintiffs filed an amended complaint on June 12, 2009.

In their amended complaint, plaintiffs state that they are the co-trustees of the Mark D. Smith Irrevocable Supplemental Needs Trust. Mark D. Smith suffers from a number of afflictions and currently receives Social Security disability benefits. Carol E. Brian and Shannon Shupp are agents of defendants MetLife and MetLife Securities Inc. and acted as financial advisors or investment counselors in their dealings with plaintiffs.

According to the amended complaint, plaintiffs purchased from defendants a Preference Plus Select Variable Annuity on behalf of the trust with the understanding that the policy contained an Enhanced Dollar Cost Averaging feature. Plaintiffs complain that this feature was not issued due to defendants' oversight, and further that defendants failed to disclose the excessive fees and commissions that would be charged, the volatility of the investment and the significant limitations on the ability to withdraw funds to meet Mr. Smith's immediate needs. The trust so far has lost approximately $25,000 representing 25 percent of the total investment.

Plaintiffs seek relief based on five separate counts: (1) negligent misrepresentation; (2) intentional misrepresen-

tation; (3) unfair trade practices; (4) breach of contract; and (5) breach of fiduciary duty of good faith and fair dealing.

On July 6, 2009, defendants filed preliminary objections to the amended complaint citing four grounds. First, defendants seek the dismissal of Count III, violation of the Unfair Trade Practices and Consumer Protection Law (UTPCPL), on the basis that plaintiffs have failed to allege the elements of common-law fraud. Second, defendants seek the dismissal of Count IV, breach of contract, on three grounds: (i) lack of specificity; (ii) failure to state a claim; and (iii) failure to attach the writing to the pleading as required. Defendants next challenge the legal sufficiency of Count V, breach of fiduciary duty of good faith and fair dealing, contending that the relationship between the parties was not a fiduciary relationship as a matter of law nor were facts alleged to support such a relationship. Finally, defendants seek to have plaintiffs' request for attorneys' fees and costs in Counts I, II and IV stricken. The parties have filed briefs in support of their respective positions, and the court has considered the arguments presented.

## DISCUSSION

Rule 1028(a) of the Pennsylvania Rules of Civil Procedure states:

"(a) Preliminary objections may be filed by any party to any pleading and are limited to the following grounds:
. . .

"(2) failure of a pleading to conform to law or rule of court . . . ;

"(3) insufficient specificity in a pleading; [and]

"(4) legal insufficiency of a pleading (demurrer)[.] . . ." Pa.R.C.P. 1028(a).

"Preliminary objections [seeking] dismissal of a cause of action should be sustained only in cases that are clear and free from doubt." *Alston v. PW-Philadelphia Weekly,* 980 A.2d 215, 219 (Pa. Commw. 2009) (citing *Anelli v. Arrowhead Lakes Community Association Inc.,* 689 A.2d 357, 359 (Pa. Commw. 1997) (citing *Bower v. Bower,* 531 Pa. 54, 57, 611 A.2d 181, 182 (1992) (citation omitted))). When ruling on preliminary objections, the court must generally accept as true all well and clearly pleaded facts, together with such reasonable inferences as may be drawn from those facts, but not the pleader's conclusions or averments of law. *Santiago v. Pennsylvania National Mutual Casualty Insurance Company,* 418 Pa. Super. 178, 184-85, 613 A.2d 1235, 1238-39 (1992). (citations omitted) The question presented by a demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. *Id.* at 184-85, 613 A.2d at 1238. Any doubt as to whether a demurrer should be sustained should be resolved in favor of overruling the demurrer. *Id.*

Defendants initially contend that Count III of the amended complaint, violation of the UTPCPL, 73 P.S. §201-1 et seq., should be dismissed for failure to state a claim. In order to establish that defendants violated the UTPCPL by engaging in fraudulent or deceptive conduct as alleged, plaintiffs must plead and prove all the elements of common-law fraud. *Sewak v. Lockhart,* 699 A.2d 755, 761 (Pa. Super. 1997). "In turn, to establish common-law fraud, a plaintiff must prove: (1) misrep-

resentation of a material fact; (2) scienter; (3) intention by the declarant to induce action; (4) justifiable reliance by the party defrauded upon the misrepresentation; and (5) damage to the party defrauded as a [practical] result." *Colaizzi v. Beck,* 895 A.2d 36, 39 (Pa. Super. 2006) (citing *Rizzo v. Michener,* 401 Pa. Super. 47, 61, 584 A.2d 973, 980 (1990)). Each element must be alleged in order to set forth a claim for common-law fraud or a violation of the UTPCPL. See *id.* at 40.

"Averments of fraud . . . shall be averred with particularity." Pa.R.C.P. 1019(b). Preliminary objections are appropriate to challenge allegations of fraud where a complaint fails to meet the specificity requirements of rule 1019(b). *McGill v. Southwark Realty Company,* 828 A.2d 430, 436 (Pa. Commw. 2003).

"Averments of fraud are 'meaningless epithets unless sufficient facts are set forth which will permit an inference that the claim is not without foundation or offered simply to harass the opposing party and to delay the pleader's own obligation.' . . . In satisfaction of the particularity requirement, [the Pennsylvania Supreme Court has] required that two conditions must always be met: the pleadings must adequately explain the nature of the claim to the opposing party so as to permit him to prepare a defense, and they must be sufficient to convince the court that the averments are not merely subterfuge." *In re Estate of Schofield,* 505 Pa. 95, 103, 477 A.2d 473, 477 (1984) (quoting *Bata v. Central-Penn National Bank of Philadelphia,* 423 Pa. 373, 379, 224 A.2d 174, 179 (1966)).

Defendants argue that plaintiffs have failed to allege fraud with the required specificity, citing paragraphs 32,

33 and 34 of the amended complaint. (Def. mem. of l. in supp. of def. p.o.'s to pl. am. compl., at 6.) These paragraphs state:

"(32) The defendants engaged in unfair or deceptive acts or practices as defined under the UTPCPL.

"(33) Specifically, defendants violated 201-2.(4)(v) (sic) by representing that the policy was appropriate for the purposes of the trust.

"(34) The co-defendants violated 201-2.(4)((xxi) (sic) by engaging in conduct which created a likelihood of confusion or of misunderstanding." (Am. compl. ¶¶32-34.)

Defendants argue that "these general allegations do not allege a specific misrepresentation, scienter on the part of defendants, an intention by defendants to induce action on the part of plaintiffs, nor justifiable reliance by plaintiffs upon any alleged misrepresentation." (Def. mem. of l., at 6.) In response, plaintiffs state that they "have made numerous allegations in support of their claim, clearly outlining a chronological progression of events cataloguing defendant's (sic) fraudulent abuse of the trust and funds entrusted to them and culminating in severe loses [sic]." (Pl. mem. of l. in opp. to def. mem. of l. in supp. of def. p.o.'s to pl. am. compl., at 5.) After a review of the pertinent allegations and the reasonable inferences to be drawn from them, the court concludes that plaintiffs have sufficiently pled a cause of action under the UTPCPL.

Paragraph 30 of the amended complaint, which is the first paragraph of Count III, incorporates the preceding 29 paragraphs. Reading the amended complaint in its

entirety, which the court must, reveals that plaintiffs have adequately pled their cause of action and alleged each element of common-law fraud. Plaintiffs have alleged a misrepresentation of material fact. Specifically, they allege that defendants and plaintiffs understood that "a critical part of the investment strategy" was "that the policy would contain a feature known as an enhanced dollar cost averaging (EDCA) feature . . . ." (Am. compl. ¶¶6-7, 19.) Additionally, plaintiffs have alleged a misrepresentation with respect to the timing of the withdrawal of funds as well as a concealment of fees and commissions and the volatile nature of the investment. (*Id.* at ¶¶8-10, 12, 19.)

Plaintiffs have alleged scienter—"co-defendants Shupp and Brian knew that the issuance of [the EDCA] feature was a critical part of the investment strategy" and that they "were aware of the falsity of their misrepresentation [with regard to the EDCA, the timing for the withdrawal of funds and the fees, commissions and nature of the investment]." (*Id.* at ¶¶6-13, 19, 26.)

Plaintiffs have also alleged intent by defendants to induce action—"[t]he misrepresentation was made for the purposes of inducing a sale." (*Id.* at ¶¶22, 27.)

Finally, plaintiffs have alleged justifiable reliance upon the alleged misrepresentations as well as damages. They aver that "[i]t was the intention of the parties at the time issued that the policy would contain a feature known as an enhanced dollar cost averaging (EDCA) feature . . . ." (*Id.* at ¶6.) Reliance on the other alleged misrepresentations may reasonably be inferred from the referenced paragraphs. Paragraph 17 refers to a specific monetary loss.

Because plaintiffs have adequately pled this cause of action, defendants' first preliminary objection will be overruled.

Next, defendants ask the court to dismiss Count IV, breach of contract, based on three grounds: (i) lack of specificity; (ii) failure to state a claim; and (iii) failure to attach the writing to the pleading.

The purpose of pleadings is to place the defendants on notice of the claims upon which they will have to defend. *Carlson v. Community Ambulance Services Inc.,* 824 A.2d 1228, 1232 (Pa. Super. 2003). "Under Pennsylvania's fact pleading system, the complainant need only state the material facts upon which a cause of action is based." *Grossman v. Barke,* 868 A.2d 561, 569 (Pa. Super. 2005) (citing Pa.R.C.P. 1019(a)). In determining whether the allegations of the complaint have been stated with adequate specificity, one portion of the complaint should not be examined in isolation and should instead "be read in context with all other allegations in that complaint." *Rachlin v. Edmisin,* 813 A.2d 862, 870 (Pa. Super. 2002). "Only then can the court determine whether the defendant has been put [on] adequate notice of the claim upon which he must defend." *Grossman,* 868 A.2d at 569. (citation omitted)

To state a cause of action for breach of contract, the plaintiff must allege: (1) the existence of a contract, including its essential terms; (2) a breach of the duty imposed by the contract; and (3) damages resulting from that breach. *Boyd v. Rockwood Area School District,* 907 A.2d 1157, 1165 (Pa. Commw. 2006). (citation omitted) "While not every term of a contract must be stated in

complete detail, every element must be specifically pleaded." *Pennsy Supply Inc. v. American Ash Recycling Corp.,* 895 A.2d 595, 600 (Pa. Super. 2006).

The allegations of Count IV state:

"(37) The averments of paragraphs 1-36 above are incorporated by reference.

"(38) Plaintiff (sic) needed the specific policy features referenced in [paragraph] 6 above.

"(39) The policy was not issued as requested.

"(40) Co-defendants knew that these features were essential to the policy.

"(41) The defendants represented that plaintiff's (sic) investment was removable at any time after the first seven years.

"(42) This feature was in fact not part of the contract provided." (Am. compl. ¶¶37-42.)

Having reviewed all of plaintiffs' allegations and arguments regarding the breach of contract claim, it is unclear whether plaintiffs are asserting that defendants breached some specific provision of the Preference Plus Select Variable Annuity, policy no. 550346153, some term of another agreement between the parties, or both. Plaintiffs' failure to attach a copy of the cited policy, or to quote its pertinent provisions, makes the task of deciphering this claim even more difficult. For example, at paragraphs 38 through 42 above, plaintiffs refer to two specific features which were not included in the annuity. Such allegations suggest that the parties had an agreement whereby defendants agreed to furnish an annuity with

certain required features in exchange for the payment of a premium. If the failure to provide such a policy is what plaintiffs contend is actionable, it would appear that the agreement which was breached was this initial agreement and not any specific term of the policy itself. This approach is consistent with the arguments presented in plaintiffs' memorandum. (See pl. mem. of l., at 7-8.) Plaintiffs further argue that defendants failed or refused to comply with instructions as to management of the policy as set forth in paragraphs 14 through 16 of the amended complaint. (*Id.* at 8.) Again, it cannot be determined from the pleading if specific policy provisions govern its management or if this purported dereliction is a breach of an agreement apart from the policy.

If plaintiffs allege defendants breached an agreement other than the annuity policy itself, it is incumbent upon them to plead whether such an agreement was oral or written, the pertinent terms and any other facts necessary to meet the requirements of Pennsylvania Rule of Civil Procedure 1019.

Under these circumstances, defendants' preliminary objection on the ground of lack of specificity will be sustained and plaintiffs will be granted leave to amend.[1]

In the third preliminary objection, defendants posit that Count V, breach of fiduciary duty of good faith and fair dealing, is legally insufficient and must be dismissed.

---

1. Until the basis for the breach of contract claim is clarified, the court cannot address the two other issues raised with respect to Count IV.

Further, they contend that no facts have been pled which would establish a fiduciary relationship. Plaintiffs, for their part, argue that a fiduciary relationship was created because an agency relationship as well as a confidential relationship existed between the parties. (Pl. mem. of l., at 10-11.)

Defendants cite *Garvey v. National Grange Mutual Insurance Company,* 1995 WL 115416 (E.D. Pa. March 16,1995) for the proposition that, "No Pennsylvania law establishes a fiduciary duty based on the duty of good faith and fair dealing. Thus, . . . [an] alleged failure to exercise the duty of good faith and fair dealing does not give rise to an actionable claim for a breach of fiduciary duty." *Id.* at *6. *Garvey* held that a fiduciary relationship was not automatically created by the mere fact an insured and insurer entered into an insurance contract.

The courts of this Commonwealth unequivocally hold that a breach of fiduciary duty claim against an insurer by an insured is synonymous with a breach of contractual duty of good faith and fair dealing. *Gedeon v. State Farm Mutual Automobile Insurance Company,* 410 Pa. 55, 59, 188 A.2d 320, 322 (1963). As such, a breach of fiduciary duty claim is redundant of a breach of contract claim. *Id.* Moreover, no fiduciary relationship exists between an insurer and its insured. *Id.* Instead, the relationship between the insured and insurer is one of buyer and seller. *Id.* Accordingly, no fiduciary relationship automatically arises between plaintiffs and defendants by virtue of their relationship as insured and insurer.

Plaintiffs concede the correctness of the proposition referenced in *Garvey,* but argue that a fiduciary relation-

ship arose between the parties as a result of their "underlying relationship." (Pl. mem. of l., at 9.)

A fiduciary relationship may arise out of (1) a confidential relationship between the parties or (2) a principal-agent relationship between them. *eToll Inc. v. Elias/Savion Advertising Inc.*, 811 A.2d 10, 21-22 (Pa. Super. 2002).

The Pennsylvania Supreme Court outlined the parameters of the principal-agent relationship as follows:

"'The law is clear in Pennsylvania that the three basic elements of agency are: 'the manifestation by the principal that the agent shall act for him, the agent's acceptance of the undertaking and the understanding of the parties that the principal is to be in control of the undertaking.' *Scott v. Purcell*, 490 Pa. 109, 117, 415 A.2d 56, 60 (1980) (quoting Restatement (Second) of Agency §1, comment b (1958); see also, *Reid v. Ruffin*, 503 Pa. 458, 463, 469 A.2d 1030, 1033 (1983). 'Agency results only if there is an agreement for the creation of [the] fiduciary relationship with control by the beneficiary.' *Smalich v. Westfall*, 440 Pa. 409, 413, 269 A.2d 476, 480 (1971). The burden of establishing an agency relationship rests with the party asserting the relationship. *Scott*, 490 Pa. at 117 n.8, 415 A.2d at 61 n.8. 'An agency relationship is a fiduciary one, and the agent is subject to a duty of loyalty to act only for the principal's benefit.' *Sutliff v. Sutliff*, 515 Pa. 393, 404, 528 A.2d 1318, 1323 (1987) (citing Restatement (Second) of Agency §387 (1958)). Thus, in all matters affecting the subject of agency, the agent must act with the utmost good faith in furthering and advancing the principal's interests, including a duty to disclose to the principal all relevant information. See

*Sylvester v. Beck,* 406 Pa. 607, 610-11, 178 A.2d 755, 757 (1962)." *Basile v. H & R Block Inc.,* 563 Pa. 359, 367-68, 761 A.2d 1115, 1120 (2000).

The court stressed, however, that not all acts on behalf of another give rise to an agency relationship:

"The special relationship arising from an agency agreement, with its concomitant heightened duty, cannot arise from any and all actions, no matter how trivial, arguably undertaken on another's behalf. Rather, the action must be a matter of consequence or trust, such as the ability to actually *bind* the principal or alter the principal's legal relations. Indeed, implicit in the long-standing Pennsylvania requirement that the principal manifest an intention that the agent act on the principal's behalf is the notion that the agent has authority to alter the principal's relationships with third parties, such as binding the principal to a contract." *Id.* at 370, 761 A.2d at 1121. (emphasis in original)

"The Supreme Court has determined that a confidential relationship and the resulting fiduciary duty may attach 'whenever one occupies toward another such a position of advisor or counsellor as reasonably to inspire confidence that he will act in good faith for the other's interest.'" *Basile v. H & R Block Inc.,* 777 A.2d 95, 101-102 (Pa. Super. 2001) (citing *Brooks v. Conston,* 356 Pa. 69, 76, 51 A.2d 684, 688 (1947) quoted in *Biddle v. Johnsonbaugh,* 444 Pa. Super. 450, 456, 664 A.2d 159, 162 (1995)). "In some cases, [for example], as between . . . principal and agent, the existence of a confidential relationship is a matter of law." *Id.* at 102. (citation omitted) Where the principal-agent relationship does not exist, the Supreme Court has recognized "that those who

purport to give advice in business may engender confidential relations if others, by virtue of their own weakness or inability, the advisor's pretense of expertise, or a combination of both, invest such a level of trust that they seek no other counsel." *Id.* (citations omitted) A confidential relationship appears "when the circumstances make it certain the parties do not deal on equal terms, but, on the one side there is overmastering influence, or, on the other, weakness, dependence or trust, justifiably reposed[.]" *Frowen v. Blank,* 493 Pa. 137, 145, 425 A.2d 412, 416-17 (1981). (citations omitted)

In their amended complaint, plaintiffs have not alleged sufficient facts from which one could reasonably infer that a fiduciary relationship existed between plaintiffs and defendants, nor have plaintiffs alleged any facts to support a reasonable inference that defendants acted as plaintiffs' agents. On the contrary, plaintiffs specifically aver that Mss. Brian and Shupp acted as agents for the defendant corporations. (Am. compl. ¶2.) Plaintiffs have failed to plead facts indicating that their relationship with defendants satisfied the legal requirements to establish a confidential relationship as set forth in *eToll; Basile* and *Frowen.* There are no allegations from which to infer that plaintiffs invested such a level of trust by virtue of their own weakness or inability, or defendants' pretense of expertise, to warrant the conclusion that a confidential relationship was formed. Further, plaintiffs cite nothing to suggest that the parties dealt on unequal terms, or that there existed any overmastering influence. While plaintiffs may have relied on defendants to include certain provisions in the annuity, such reliance can be found in every transaction between two parties. Plaintiffs

have failed to allege anything other than an arms-length relationship with defendants.[2] In the absence of allegations sufficient to show that a special relationship or that a principal-agent relationship was created, defendants' preliminary objection to Count V will be sustained and plaintiffs will be permitted to amend their pleading.

Lastly, defendants seek to have plaintiffs' requests for attorneys' fees and costs[3] in Counts I, II and V stricken for lack of a statutory basis permitting recovery. "Under the American Rule, applicable in Pennsylvania, a litigant cannot recover counsel fees from an adverse party unless there is express statutory authorization, a clear agreement of the parties, or some other established exception." *Trizechahn Gateway LLC v. Titus,* 671 Pa. 637, 976 A.2d 474, 482-83 (2009). (citation omitted)

Plaintiffs have failed to present any basis which would permit recovery of attorneys' fees in Counts I, II and V. For those causes of action, as pled, there is neither express statutory authorization nor a clear agreement of the parties to permit the recovery of counsel fees. Plaintiffs rely upon a trial court decision for the proposition that "[c]ounsel fees may be awarded 'as a sanction against another par-

---

2. Pennsylvania law states that parties to an arms-length transaction generally do not owe fiduciary duties to one another. A business transaction alone is not enough to establish a fiduciary relationship; otherwise, every breach of contract would support such a claim. *eToll,* 811 A.2d at 23. There is a "crucial distinction" between the special confidence entered into in a fiduciary relationship and "entering [into] an arms[-]length commercial agreement, however important its performance may be to the success of one's business." *Id.*

3. The prevailing party is entitled to recover its costs. *In re Farnese,* 948 A.2d 215, 217 (Pa. Commw. 2008). Therefore, there is no merit to defendants' objection in this respect.

ticipant for dilatory, obdurate or vexatious conduct during the pendency of a matter.'" (Pl. mem. of l., at 13) (citing *Waterware Corp. v. Ametek/US Gauge Division,* 51 D.&C.4th 201, 217 (Phila. Cty. 2001) (citing 42 Pa.C.S. §2503(7)). However, plaintiffs have failed to plead any such conduct on the part of defendants. Further, since defendants have simply exercised their right to challenge the validity of plaintiffs' claims by filing preliminary objections, there is no legitimate basis to assert that such conduct is dilatory, obdurate or vexatious.

This preliminary objection will be sustained and the claim for attorneys' fees in Counts I, II and V will be stricken.

## ORDER

And now, October 29, 2009, upon consideration of the preliminary objections filed by defendants, MetLife a/k/a Metropolitan Life Insurance Company, Metlife Securities Inc., Carol E. Brian and Shannon Shupp, and the response of plaintiffs, Paul D. Smith and Eleanor Smith, co-trustees of the Mark D. Smith Irrevocable Supplemental Needs Trust, the court orders that:

(1) The first preliminary objection is overruled.

(2) The second preliminary objection is sustained.

(3) The third preliminary objection is sustained.

(4) The fourth preliminary objection is sustained. Plaintiffs' claim for attorneys' fees in Counts I, II and V is stricken.

Plaintiffs are granted 20 days from the date of this order to file a second amended complaint.