533 A.2d 495

Stratton C. Schaeffer/Brosch and Cowley, A Joint Venture of Consulting Engineers, Petitioners *v.* Department of General Services, Respondent.

Submitted on Briefs September 15, 1987, to Judges CRAIG, MACPHAIL, and Senior Judge NARICK, sitting as a panel of three.

*G. David Pauline, Bricker & Pauline,* for petitioners.

*Thomas M. Devlin,* Assistant Counsel, with him, *Michael D. Reed,* Chief of Litigation, *Anthony P. Krzywicki,* Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, November 12, 1987:

Petitioners Stratton C. Schaeffer/Brosch and Cowley appeal an order of the Board of Claims denying their Motion for Hearing and affirming a judgment of non pros with prejudice in favor of the Department of General Services (Respondent). We affirm.

Petitioners filed a complaint with the Board of Claims (Board) following Respondent's refusal to pay the sum of $2,396.00 for services allegedly rendered by the Petitioners in addition to those contracted for concerning alterations to a boiler plant at the Selinsgrove Center, Selinsgrove, Pennsylvania. A hearing was scheduled by the Board for December 4, 1985 at 10:00 a.m., but on that date neither Petitioners nor their counsel appeared. Respondent and its witnesses were present and ready to proceed. After waiting an hour, Respondent moved for a judgment of non pros. The transcript of the hearing discloses that at that point the hearing was recessed to give the chairman of the panel an opportunity to confer with the Board's Chief Judge, Judge PACE.

When Judge PACE reconvened the hearing, he confirmed that written notice of the hearing had been giv-

en to the Petitioners on October 22, 1985, that no request for a continuance had been presented to the Board and that the Petitioners were not present to proceed with the hearing. He then granted Respondent's motion and entered judgment in favor of the Respondent.

On December 6, 1985 Judge PACE filed an opinion and a formal order again granting judgment in favor of the Respondent. In that opinion, he again noted Petitioners' failure to appear at the hearing or to request a continuance from the Board, that the attorney for the Petitioners had been contacted before he, the Judge, acted on Respondent's motion and that the attorney for the Petitioners said he had suggested the possibility of a continuance in a letter to Respondent's counsel but had not received a response thereto. No appeal was taken from the order of December 6.

On December 30, 1985, Petitioners filed a "motion for hearing" with the Board alleging, *inter alia,* that their counsel was contacted by the Board by telephone on December 4, 1985 and that in the course of that conversation he was advised that the hearing had been opened and that there was pending before the Board a motion for non pros. Petitioners' motion goes on to state that their counsel told the Board in that telephone conversation that he would be available in five minutes to appear at the hearing but that the Board refused to grant him that consideration.

Respondent replied to Petitioners' motion, admitting that such a telephone conversation did occur but that after reviewing the attorney's letter to Respondent and noting that Respondent did not agree to a continuance and that no request for continuance had been filed with the Board, Judge PACE concluded that there was no excuse for Petitioners' failure to appear and thereupon took his action with respect to the motion for non pros.

On January 28, 1986, Judge PACE filed an opinion and order denying Petitioners' motion for hearing. Petitioners thereupon filed a petition for review with this Court. Respondent moved to quash the petition as untimely filed. An order of this Court was entered denying the motion to quash but limiting our appellate review to the Board's order of January 28, 1986 which, it was stated, we would regard as being in the nature of a petition for reconsideration or to reopen a judgment of non pros.

By agreement of the parties, we were requested to dispose of the matter on brief.

We felt it necessary to set forth in some detail the proceedings before the Board in order to put the matter in proper perspective because the Petitioners' brief before us focuses upon the Board's denial of a five minute delay in the proceedings as being an arbitrary denial of a continuance by the Board.

Our scope of review of an adjudication denying reconsideration is limited to a determination of whether the Board abused its discretion. *Northampton v. Bucks County Water and Sewer Authority*, 96 Pa. Commonwealth Ct. 514, 508 A.2d 605 (1986).

Petitioners, relying on *Nerkowski v. Yellow Cab Co. of Pittsburgh*, 436 Pa. 306, 259 A.2d 171 (1969), assert that the Court must consider a number of factors in ruling on a request for a continuance, including prejudice to the opposing party, whether opposing counsel objects to the continuance, length of delay, and the complexity of the case. We decline to determine whether the Board appropriately considered these factors, however, because the narrow issue to be determined in this appeal is, as we have said, whether the Board acted properly in denying the motion for a hearing.

We agree with Judge PACE that there is nothing in the record which would warrant reconsideration of the

Board's original order or of opening the judgment. Even if the content of the telephone call was a matter of record and could be construed as a request for a continuance by the Petitioners, nothing was presented to the Board which would warrant the Board's granting of a continuance. Petitioners' counsel's unilateral suggestion of a continuance which Respondent never acknowledged much less accepted, would not warrant counsel's "belief" that the matter would be continued. Of even more moment is the fact that the Petitioners never filed a request for continuance with the Board and were never advised by the Board that the hearing would not be held at the scheduled time.

Finding no abuse of discretion on the part of the Board, we are constrained to affirm its order.

ORDER

The order of the Board of Claims denying Petitioners' motion for a hearing is hereby affirmed.