* SUBCLASS 2 OF the MASTER CLASS OF PLAINTIFFS DEFINED AND CERTIFIED IN the JANUARY 30, 2006 AND JULY 28, 2006 ORDERS OF the CIRCUIT COURT OF COOK COUNTY, ILLINOIS IN the LITIGATION CAPTIONED TRAVEL 100 GROUP, INC.

v.

The MELROSE HOTEL COMPANY, et al., Docket No. 03 CH 12536, Appellant

v.

St. Paul Fire and Marine Insurance Company.

No. 06–2755.

United States Court of Appeals, Third Circuit.

Argued Sept. 18, 2007.

Decided Sept. 25, 2007.

Robert J. Stein, III, Divincenzo Schoenfield Swartzman, Chicago, IL, for Appellant.

Alan S. Miller, Bridget M. Gillespie, Picadio, Sneath, Miller & Norton, Pittsburgh, PA, Charles E. Spevacek, Meagher & Geer, Minneapolis, MN, for St. Paul Fire and Marine Insurance Company.

Before SLOVITER, SMITH, and WEIS, Circuit Judges.

*JUDGMENT ORDER*

The insured, Melrose Hotel Company, filed an action in Pennsylvania state court seeking a declaratory judgment that its

insurer, St. Paul Fire and Marine Insurance Company (the defendant appellee), has the responsibility to defend it from a class action lawsuit filed by the Travel 100 Group, Inc. in an Illinois state court, alleging that Melrose's unsolicited fax advertisements violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, and various state laws. In time, Melrose signed a settlement agreement with Travel 100, providing for an entry of judgment against Melrose for 1.9 million dollars and assignment of Melrose's coverage rights against St. Paul should it refuse to pay $500,000 toward the settlement. When St. Paul refused, Melrose (on behalf of Travel 100) filed this action for a declaratory judgment against St. Paul in a Pennsylvania state court seeking a declaration that St. Paul must defend and indemnify Melrose in the Travel 100 litigation. St. Paul removed this action to the District Court on the basis of diversity jurisdiction, and the Court granted summary judgment for St. Paul.

On appeal, Melrose argues that the District Court should have denied St. Paul's motion for summary judgment because the Travel 100 complaint triggered St. Paul's duty to defend under the policy; that the District Court misconstrued the Travel 100 complaint; that the District Court's construction of the policy was not supported by Pennsylvania law, and that the District Court's conclusion was contrary to the reasonable expectations of the insured.

We have reviewed the briefs filed by the parties, heard oral argument on this matter, and conclude that, essentially for the reasons set forth by the District Court, its judgment will be affirmed.

BY THE COURT:

/s/ Dolores K. Sloviter, Circuit Judge.