Land America's request for attorney's fees on appeal is denied.

**AFFIRMED.**

**ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Plaintiff—Appellee,**

v.

**ONVIA INC., Defendant**

**and**

**Responsive Management Systems, in its individual capacity and as class action representative of purported settlement class, Defendant—Appellee.**

No. 07–35549.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 24, 2008.

Filed Nov. 25, 2008.

Charles E. Spevacek, Michael P. McNamee, Esquire, Meagher & Geer, Minneapolis, MN, Daniel L. Syhre, Esquire, Joseph D. Hampton, Esquire, Betts Patterson & Mines, PS, Seattle, WA, for Plaintiff–Appellee.

Mark A. Griffin, Esquire, Margaret E. Wetherald, Esquire, Frederick W. Schoepflin, Esquire, Keller Rohrback, LLP, Seattle, WA, Karin B. Swope, Roblin John Williamson, Esquire, Williamson & Williams, Bainbridge Island, WA, for Defendant–Appellee.

Before: SILVERMAN and BERZON, Circuit Judges, and MAHAN,* District Judge.

* The Honorable James C. Mahan, United States    District Judge for the District of Nevada, sit-

MEMORANDUM **

We are asked to decide whether a liability insurer providing coverage for "advertising injury offenses" has a duty to defend against a claim alleging violations of federal and state statutes that prohibit sending unsolicited fax advertisements known as "blast faxes." We affirm the district court's grant of summary judgment and hold that the insurer did not have a duty to defend under Washington law.

RMS's claims are not covered by St. Paul's advertising injury policy language. RMS's argument that the policy language is ambiguous simply because a "person's right of privacy" can have more than one meaning is not persuasive. RMS alleged a violation of the privacy right of seclusion, while St. Paul's policy only covered advertising injuries that violated the privacy right of secrecy. Other courts considering identical or substantially similar St. Paul advertising provisions have interpreted the language the same way. *See Res. Bankshares Corp. v. St. Paul Mercury Ins. Co.,* 407 F.3d 631 (4th Cir.2005); *Melrose Hotel Co. v. St. Paul Fire & Marine Ins. Co.,* 432 F.Supp.2d 488 (E.D.Pa.2006), *aff'd,* 503 F.3d 339 (3d Cir.2007); *St. Paul Fire & Marine Ins. Co. v. Brother Int'l Corp.,* 2007 WL 2571960 (D.N.J.2007); *ACS Sys., Inc. v. St. Paul Fire & Marine Ins. Co.,* 147 Cal.App.4th 137, 53 Cal.Rptr.3d 786 (2007); *St. Paul Fire & Marine Ins. Co. v. Brunswick Corp.,* 405 F.Supp.2d 890 (N.D.Ill.2005).

Because RMS's claims did not allege that its private information was divulged, St. Paul's duty to defend was not triggered. *See Woo v. Fireman's Fund. Ins. Co.,* 161 Wash.2d 43, 164 P.3d 454, 459 (2007). Finding no duty to defend, we need not consider RMS's claim that St. Paul denied coverage in bad faith.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

